UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CLARK ABBOTT, )<br>　　　　　　　　**Plaintiff,**　　) <br>　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>MICHAEL J. ASTRUE, 　　　　)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　**Defendant.**　　) | Case No. 08-2177 |

# O R D E R

In January 2008, Administrative Law Judge (hereinafter "ALJ") John Wood denied Plaintiff Clark Abbott's application for disability insurance benefits. ALJ Wood based his decision on a finding that Plaintiff was able to perform jobs that exist in significant numbers in the national economy.

In August 2008, Plaintiff filed a Complaint To Review Decision of Social Security (#5) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In February 2009, Plaintiff filed a Motion for Summary Judgment (#17). In May 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#22). In June 2009, Plaintiff filed a Memorandum in Reply to Commissioner's Memorandum in Support of Motion for Summary Affirmance (#24). After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#17)**.

### I. Procedural Background

In June 2004, Plaintiff filed an application for social security benefits alleging disability beginning August 29, 1999, due to Plaintiff's left knee pain limiting his ability to walk and stand and the residual effects of a myocardial infarction. (R. 82.) He subsequently amended his application to seek disability beginning February 1, 2004. The Social Security Administration denied his application initially and on reconsideration. At Plaintiff's request, the ALJ held a hearing in October 2007. An attorney represented Plaintiff at the hearing. Plaintiff and a

vocational expert, Bob Hammond, testified at the hearing. Plaintiff's date last insured was December 31, 2004. In January 2008, the ALJ issued a decision denying Plaintiff benefits on the basis that, through his date last insured, he could perform work that existed in significant numbers in the national economy; therefore he was not disabled through the period from his onset date to his date last insured. In July 2008, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. In August 2008, Plaintiff appealed this decision by filing a complaint with this Court pursuant to 42 U.S.C. § 405(g). Plaintiff seeks a reversal of the decision, a finding that Plaintiff was disabled beginning December 31, 2004, and remand for reconsideration regarding the limited issue of the appropriate onset date.

The parties have consented to the exercise of federal jurisdiction by a United States Magistrate Judge.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

The Court gives considerable deference to the ALJ's credibility finding and will not overturn it unless the plaintiff can show that those findings are patently wrong. *Urban v. Sullivan*, 799 F. Supp. 908, 911 (C.D. Ill. 1992).

### III. Discussion

Plaintiff presents three main issues: (1) the ALJ erred at Step Five by relying on the VE's testimony; (2) the ALJ erred at Step Two by failing to consider Plaintiff's peripheral vascular disease with associated vasculitis, chronic rental disease, and vascular disease of the brain as "severe impairments"; and (3) the ALJ erred when assessing Plaintiff's credibility.

### A. The VE's Testimony

Plaintiff argues that the ALJ identified only one job that Plaintiff could perform at the sedentary exertional level, the caseworker position, and he erred when he did so because he relied on inaccurate information from the VE.

Plaintiff first contends that the ALJ erred by referring to the caseworker job as "representative." Defendant agrees.

Plaintiff also contends that the ALJ erred by relying on the VE's testimony, which was unreliable for the following reasons: (1) the VE misclassified Plaintiff's past work under the DOT; (2) the written information regarding the job coach position that the VE provided was unreliable because the DOT no longer lists that number; and (3) (a) the reasoning level for Plaintiff's past jobs was lower than the reasoning level required by the caseworker job and (b) the DOT information regarding the teacher's aide job and the caseworker job shows that the jobs are significantly different, thus the caseworker job required more than "a little" adaptation. Thus, Plaintiff contends that the VE testimony regarding Plaintiff's transferable skills was unreliable and the ALJ reached an improper conclusion by relying on it.

After reviewing the evidence and the arguments, the Court cannot conclude that the ALJ erred by accepting the VE's classification of Plaintiff's past work. In weighing the evidence from the VE and Plaintiff, the ALJ stated that the VE had testified that he was personally familiar with the jobs that Plaintiff had performed in the past for the particular employer. He also stated that Plaintiff's testimony regarding the nature of his past relevant work was of limited probative value because Plaintiff represents that he has major memory deficits. It is the ALJ's responsibility to weigh the evidence, not the Court's, and a reviewing court may not reweigh the evidence or substitute its own judgment for that of the ALJ. *Powers v Apfel*, 207 F.3d 4361, 434 (7th Cir. 2000) (citing *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997)).

Plaintiff's next argument involves the written material the VE provided describing the position of employment specialist or job coach which the VE indicated had a DOT code of 094.224-022. Plaintiff points out that the DOT no longer contains that code number, thus the information is obsolete. As a result, Plaintiff contends that the ALJ failed in his obligation to obtain an explanation for the conflict between the VE's information and the DOT, as required by SSR 00-4p. Plaintiff acknowledges that the ALJ must obtain an explanation only if the conflict was "apparent." *Zblewski v. Astrue*, 302 Fed. App'x 488, 494 (7th Cir. 2008) (stating that the Seventh Circuit court "recently held that the duty to inquire arises only when the conflict between the DOT and VE testimony is apparent") (citing *Overman v. Astrue*, 546 F.3d 456, 463-64 (7th Cir. 2008)).

As Defendant notes, to the extent that the information was inconsistent with the DOT, this error was not "apparent" at the time of the hearing; an ALJ does not have an obligation to independently check the DOT to determine whether the VE has provided accurate information particularly when that information appears to be accurate on its face. Here, the ALJ asked the VE whether his testimony was consistent with the DOT and the VE responded that it was. Thus, the ALJ satisfied his obligation under SSR 00-4p. Furthermore, where the ALJ does inquire, and no conflict is identified, the ALJ may rely on the testimony of the VE. *See Donahue v. Barnhart*, 279 F.3d 441, 445-47 (7th Cir. 2002) (stating in dictum (because SSR 00-4p was promulgated subsequently and thus was not directly applicable) that where no conflict was

4

identified at the hearing, the ALJ's reliance on the VE's testimony was proper, and the plaintiff was foreclosed from raising the conflict on appeal); *see also Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (stating that the *Donahue* court's logic was consistent with SSR 00-4p, and that the ALJ met her obligation where she inquired and no conflict was identified). Therefore, the ALJ did not err by relying on the VE's testimony regarding the job coach information and related transferable skills.

The VE testified that Plaintiff's past work gave him the transferable skills to perform the caseworker job with little or no adaptation. *See* 20 C.F.R. § 404.1563(e) (stating that a claimant of advanced age who is limited to sedentary work has "skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to [his] previous work that [he] would need to make very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry"). Plaintiff argues that the reasoning level for Plaintiff's past work is lower than the reasoning level required by the caseworker job and, as a result, the VE's testimony was inaccurate and cannot constitute substantial evidence. The VE did not testify regarding the reasoning levels of the jobs and this issue was not brought to the ALJ's attention. Nevertheless, Plaintiff asks the Court to evaluate the definitions of reasoning levels four and five and determine that the difference between them "is beyond the 'very little, if any' threshold with respect to the reasoning capabilities required by the work processes." (#18, p. 11.) This would require the Court to invade the VE's province and the Court declines to do so.

Plaintiff also argues that a comparison of the teacher's aide job to the caseworker job shows that the jobs are significantly different. As a result, Plaintiff contends that the caseworker job required more than "a little" adaptation. The same analysis explained in the preceding paragraph also applies to this argument.

The VE testified that Plaintiff had acquired transferable skills as a result of his past work that enabled him to perform the caseworker position with little or no adaptation. The Court concludes that the ALJ did not err by relying on the VE's opinion.

### B. Plaintiff's Peripheral Vascular Disease and Associated Conditions

Plaintiff next argues that the ALJ erred at Step Two when he failed to consider Plaintiff's peripheral vascular disease with associated vasculitis of the lower extremities, chronic renal disease, and vascular disease of the brain as severe impairments. He contends that these impairments are significant because they affect Plaintiff's ability to perform sedentary work on a sustained basis. He noted that Dr. Deters described these conditions as contributing to Plaintiff's depression and stated that the conditions would effect Plaintiff's ability to remain on task.

The Court notes that Plaintiff has presented no medical evidence that shows those impairments limited his ability to work. On the contrary, his brief refers only to his subjective complaints, rather than to doctors' opinions. Dr. Deters was aware of Plaintiff's vascular disease, and in August 2007, he opined that Plaintiff could perform light exertional work accompanied by the need for regular breaks and also indicated that this opinion related back to August 2004. Nevertheless, the ALJ restricted Plaintiff's RFC to a greater degree than Dr. Deters, Plaintiff's treating doctor who treated these conditions.

Furthermore, the Seventh Circuit court has stated that "step two is a threshold analysis that requires [a claimant] to show only that he has *one* severe impairment." *Bradley v. Barnhart*, 175 Fed. App'x 87, 90 (7th Cir. 2006). When an ALJ fails to label an impairment as severe, but has proceeded beyond step two of the five-step analysis, he has not committed reversible error. *See Curtis v. Astrue*, 623 F. Supp. 2d 957, 968 (S.D. Ind. 2009). Here, the ALJ found that Plaintiff has severe impairments including coronary artery disease and arthritis of the left knee. Accordingly, the Court concludes that the ALJ did not err at Step Two when he failed to label Plaintiff's peripheral vascular disease, vasculitis of the lower extremities, chronic renal disease, and vascular disease of the brain as severe impairments.

### C. Credibility Assessment

Plaintiff also argues that the ALJ erred when assessing Plaintiff's credibility because he used the wrong standard and substantial evidence does not support his credibility finding. The Court disagrees. First, the ALJ's statements that "relevant credibility factors fail to support a finding of complete disability as of the date last insured," and that Plaintiff "did not take the strong codeine or morphine-based analgesics usually prescribed for severe and unremitting pain" (R. 20) do not indicate that the ALJ relied on an improper standard for assessing credibility or eligibility for benefits.

The Court also finds Plaintiff's second argument unpersuasive. An ALJ is not obliged to believe all of a claimant's testimony. *Johnson v. Barnhart*, 449 F.3d 804, 805 (7th Cir. 2006). The Seventh Circuit court has outlined an extremely deferential standard of review regarding credibility; a court will reverse the ALJ's findings on credibility only when they are patently wrong. *Powers*, 207 F.3d at 435. A court should conclude that a credibility determination is patently wrong only when it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). Here, the ALJ explained his reasons for finding Plaintiff's statements regarding his limitations not entirely credible and, based on the record, the Court cannot conclude that his determination was patently wrong.

### IV. Summary

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#17)**.

ENTER this 10th day of November, 2009.

                                                s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE