**E-FILED**
Friday, 20 May, 2011  02:15:02 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **CLARK ABBOTT,** ) | |
|       **Plaintiff,** ) | |
|   **v.** ) | |
| ) | **Case No. 08-2177** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
|       **Defendant.** ) | |

# O R D E R

In January 2008, Administrative Law Judge ("ALJ") John Wood denied Plaintiff Clark Abbott's application for disability insurance benefits. ALJ Wood based his decision on a finding that Plaintiff was able to perform jobs that exist in significant numbers in the national economy.

In August 2008, Plaintiff filed a Complaint To Review Decision of Social Security (#5) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In an Order (#25) entered on November 10, 2009, this Court denied Plaintiff relief and upheld the decision of the Commissioner of Social Security. Thereafter, the United States Court of Appeals for the Seventh Circuit found that the ALJ had erred such that a remand to the agency was required.

In February 2011, Plaintiff[1] filed her Petition for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (#38).

Plaintiff asserts an entitlement to attorney fees under the Equal Access to Justice Act ("EAJA") because: (1) the decision of the Court of Appeals made claimant the prevailing party; (2) the position of the Government was not substantially justified; (3) no special circumstances exist which would make an award of attorney fees unjust; and (4) a timely and complete

---

[1] Following the death of Clark Russell Abbott, Jeannette Abbott, Independent Administrator of the Estate of Clark Russell Abbott, Deceased, became the Plaintiff.

application for fees has been filed. She cites 28 U.S.C. § 2412(d)(1)(A)-(B) and *Stewart v. Astrue*, 561 F.3d, 679, 683 (7th Cir. 2009).

Defendant has filed a response (#40) in opposition. Of the four qualifying factors asserted by Plaintiff, Defendant challenges only the second. Specifically, Defendant claims that the Government's position was substantially justified. Defendant does not challenge the reasonableness of the fees claimed nor any of the other prerequisites for an award of fees.

The Defendant bears the burden of establishing that his position was substantially justified. *Stewart v. Astrue*, 562 F.3rd 679, 683 (7th Cir. 2009). He makes a spirited argument in support of his effort to meet that burden. For reasons stated below, this Court concludes that the argument falls short.

In its decision, the Court of Appeals stated:

> Abbott's argument, however, misses a key point that itself requires a remand: the ALJ did not identify the specific skills Abbott had acquired as a job coach, let alone explain how those skills would transfer to the caseworker position. By omitting his reasoning on these points, the ALJ provided no basis upon which we can conduct our review and, furthermore, violated a directive found in Social Security Ruling 82-41.[2]

*Abbott v. Astrue*, 391 Fed.Appx. 554, 558 (7th Cir. 2010). The Court of Appeals noted further errors and concerns but this Court will focus on the flaw related to the transferability of work skills.

As pointed out by the Court of Appeals, the issue of transferability of work skills is critical to the proper determination of the claim. Specifically, SSR 82-41, 4(c) provides:

---

[2]In his response (#40), Defendant argued, "If plaintiff himself missed the key point, then he can hardly claim that the government acted unreasonably on defending on this issue." However, it is the position of the Commissioner, not the keen eye of the Plaintiff or for that matter, the District Court, that determines the reasonableness of the position.

> To find that an individual who is age 55 or over and is limited to sedentary work exertion has skills transferrable to sedentary occupations, there must be very little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry . . . . In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

(SSR 82-41, 4 c.)

> Because of the significance of this particular determination, SSR 82-41, 6 provides:
>
> *Findings of fact in determination or decisions involving transferability of skills.* When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation.
>
> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. Evidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy should be included (the regulations take administrative notice only of the existence of unskilled sedentary, light, and medium jobs in the national economy). This evidence may be VS statements based on expert personal knowledge or substantiation by information contained in the publications listed in regulations sections 404.1566(d) and 416.966(d). It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court.

(SSR 82-41, 6).

The United States Court of Appeals for the Seventh Circuit had previously taken to task an ALJ for a similar shortcoming. In *Key v. Sullivan*, 925 F.2d 1056 (7th Cir. 1991), the court remanded with directions to award benefits. Its opinion, cited by the court in the instant case, pointed out a similar failure on the part of the ALJ.

3

In his response (#40), the Commissioner states:

> In *Pierce v Underwood*, 287 U.S. 552, 565 (1988), the Supreme Court explained that "substantially justified" typically has not meant "justified to a high degree." Rather, the standard is satisfied if there is a "genuine dispute." *Id*. In other words, the Court explained, the government's position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id*.

(Def's Response #40, p. 2.)

This Court concludes that the position of the Government is not substantially justified when it involves a serious failure to abide by a Social Security ruling and established case law coupled with the vigorous defense of the error. Because the position by the Commissioner is contrary to the Social Security ruling and established case law, the Commissioner has failed to carry his burden. The Court concludes that the position of the Defendant was not substantially justified. Accordingly, all factors favor the award of fees.

The Petition for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 **(#38)** is **GRANTED**. Attorney fees are hereby awarded pursuant to the EAJA in the sum of $13,274.14. The Court finds that sum reasonable for the substantial work done in pursuit of the matter in both the district court and court of appeals.

ENTER this 20th day of May, 2011.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE